UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Blake Mazurek, Robin Smith, and Timothy Smith,<br><br>  Plaintiffs,<br><br>v.<br><br>Kathy Berden, Mayra Rodriguez, Meshawn Maddock, John Haggard, Kent Vanderwood, Marian Sheridan, James Renner, Amy Facchinello, Rose Rook, Hank Choate, Mari-Ann Henry, Clifford Frost, Stanley Grot, Timothy King, Michele Lundgren, and Ken Thompson,<br><br>  Defendants. | Court File No. _____<br><br><br><br>**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 USC §§ 1441 and 1442.** |

Defendants Kathy Berden, Mayra Rodriguez, Meshawn Maddock, John Haggard, Kent Vanderwood, Marian Sheridan, James Renner, Amy Facchinello, Rose Rook, Hank Choate, Mari-Ann Henry, Clifford Frost, Stanley Grot, Timothy King, Michele Lundgren, and Ken Thompson, through their undersigned counsel, hereby file this Notice of Removal under 28 U.S.C. §1446. The state court action is presently pending in 17th Circuit Court for Kent County, in the State of Michigan. A copy of all pleadings served upon the defendants to date in the state court action are attached as Exhibit A.

1

## Grounds for Removal

**I.     Although the underlying state court civil complaint seeks state court common law remedies, whether such state court common law remedies exist against Presidential alternate electors arises under the Constitution and laws of the United States.**

1. First, the basis of federal court jurisdiction is the civil action Plaintiffs commenced as set forth in their state court complaint, seeks state common law remedies against Presidential alternate electors, which "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, and the civil action, as such, is therefore subject to removal under 28 U.S.C. §1441 (c)(1)(A).

2. Because the plaintiffs' complaint seeks state court common law remedies against Presidential alternate electors and because whether such state court common law remedies exist against Presidential alternate electors <u>arises</u> under the Constitution and laws of the United States, federal court jurisdiction exists.

3. Plaintiffs commenced the above captioned action in Michigan in Kent County, 17th Judicial District, by filing the Complaint on January 11, 2023.

4. Plaintiffs are three of the sixteen electors nominated by the Michigan Democratic Party to serve by current President Joseph Biden and Vice President Kamala Harris to vote for them on behalf of the State of Michigan in the Electoral College after the 2020 Presidential Election.

5. Defendants are individuals who were recognized in the Michigan Governor's "Amended Certificate of Ascertainment of the Electors of the President and Vice President of the United States of America," complaint Exhibit A, as persons nominated by the Republican Party, presumptively, as alternate electors.

6. Federal law requires the Michigan Governor to send the U.S. Archivist the electors' credentials ("Certificates of Ascertainment") and two sets of electoral votes ("Certificates of Vote"). Included in the "Certificate of Ascertainment" is the "setting forth the names of such electors and the canvass or other ascertainment under the laws of such State of the number of votes given or cast for each person for whose appointment any and all votes have been given or cast." 3 U.S.C. § 6.

7. Defendants were selected as alternate electors in the event that either a federal or state court, the Michigan legislature or the U.S. Congress made a decision to award Michigan's electors to then President Trump and Vice President Pence instead of current President Biden and Vice President Harris.

8. The plaintiffs' complaint seeks state court common law remedies against defendants who were Presidential alternate electors.

9. Plaintiffs in their Complaint assert four claims. The claims includes: (i) declaratory judgment to declare that Plaintiffs were the legitimate electors from the State of Michigan for President and Vice President in the 2020 Election; (ii) invasion of privacy – false light based on Defendants identifying themselves as alternate electors; (iii) violation of Michigan Compiled Laws §600.2919a – conversion of property by Defendants stealing Plaintiffs' alleged property interest in their selection as an elector; (iv) civil conspiracy based on Defendants engaging in a concerted action to violate various state and federal criminal laws. The criminal laws identified include: MCL §168.932(d) and § 750.248 (making a false public record based on their status as alternate electors), 18 U.S.C. §371 (conspiring to defraud the United States), and 18 U.S.C. §1001 (conspiring to make a false statement

regarding their status as electors).

10. The complaint principally seeks state court common law remedies against Presidential alternate electors—and whether such state court common law remedies against Presidential alternate electors exists arises from a federal question.

11. Article II, § 1, cl. 2, of the United States Constitution, the Electors Clause, provides that electors shall be appointed by each State "in such Manner as the Legislature thereof may direct."

12. Presumably, under the Electors Clause, a state court can not interfere with the legislative regulation of the appointment of electors, including remedies against unfaithful electors.

13. Pursuant to its federal constitutional prerogative under the Electors Clause, the Michigan state legislature has acted and provided a specific remedy for a faithless elector. Under MCL § 168.47, if an elector's "[r]efusal or failure to vote for the candidates for president and vice-president appearing on the Michigan ballot of the political party which nominated the elector constitutes a resignation from the office of elector, his vote shall not be recorded and the remaining electors shall forthwith fill the vacancy."

14. Under the Electors Clause, only the Legislature is authorized to declare remedies of any kind as related to an elector.

15. Therefore, under the Electors Clause, a state court has no legal authority to enforce state common law remedies against electors without state legislative approval—by law or otherwise.

16. Therefore, the underlying complaint involves a pure legal question of federal

4

law.

17. Under the so-called "independent state legislature" theory, state courts are constitutionally required to defer to the state legislature where regulation of electors are concerned because of the Electors Clause.

18. The plain text of the Electors Clause, art. II, § 1, cl. 2, supports this legal position because it invests the power to determine the manner of appointment in "the Legislature" of the State. That power, "*can neither be taken away nor abdicated.*" *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787, 840 (2015) (Roberts, C.J. dissenting) *quoting McPherson v. Blacker*, 146 U.S. 1, 35 (1892). (emphasis added).

19. In Michigan, other than MCL 168.47, there is no law governing so-called unfaithful electors. If an elector is unfaithful to the party for whom he or she represents for president or vice-president *or* a person, in protest or otherwise, presents himself or herself as an elector for another president or vice-president, it is only the Legislature, by constitutional authority, that can provide a remedy, civilly or criminally, against "unfaithful" electors or "misleading" alternate electors.

20. The U.S. Constitution, through the Electors Clause, prohibits the state court from prosecuting a Michigan citizen identified as either an elector or an alternate elector—as the Michigan Governor has done for the defendants through his Ascertainment of Electors—when the Michigan Legislature has not enacted legislation that prohibits another person who in protest or otherwise, presents himself or herself as an elector for another president or vice-president who did receive the most votes in that election.

21. Under 28 U.S.C. §1441 (c)(1)(A), this court has federal court jurisdiction to

determine, under the Electors Clause, whether state court common law remedies can be applied against an elector or alternate elector without state legislative approval by law or otherwise.

## II. The Defendants remove the case under § 1442 because the defendants, as Presidential alternate electors, are persons acting under a United States' agency or officer.

22. Second, the Defendants remove the case under 28 U.S.C. § 1442(a)(1) because a state civil action can be removed to federal court if the defendant is "[t]he United States or any agency thereof or any officer (*or any person acting under that officer*) of the United States or of any agency thereof, in an official or individual capacity…." (Emphasis added).

23. The Defendants remove the case under § 1442 because the defendants, as Presidential alternate electors, are persons acting under a United States' agency or officer.

24. The plaintiffs sued the defendants in their capacity as electors for the Electoral College.

25. The Electoral College is administered by the National Archives and Records Administration (NARA).

26. The NARA is a federal agency led by the U.S. Archivist.

27. The U.S. Archivist is the head and chief administrator of the NARA.

28. Federal law requires the states to send the Archivist a Certificate of Ascertainment and two sets of Certificates of Votes. Included in the "Certificate of Ascertainment" is the "setting forth the names of such electors and the canvass or other ascertainment under the laws of such State of the number of votes given or cast for each person for whose appointment any and all votes have been given or cast." 3 U.S.C. § 6.

6

29. Importantly, the defendants were alternate agents as electors of the United States, through the Electoral College under Article II of the U.S. Constitution, representing the State of Michigan to vote for president and vice-president to which the plaintiffs allege the defendants acted unlawfully regarding the 2020 election. Their agency as alternative agents of the United States was recognized through the Michigan Governor's Ascertainment. (Exhibit A to Compl.). The plaintiffs contend that the defendants' unlawful actions have deterred them from presenting themselves before Congress to rightfully count them as "true" electors then and in the future.

30. Yet, if Congress, a federal court or state court had found otherwise, the Defendants' votes would not have been as alternate electors, but as electors—and their votes for Trump and Pence would have counted for President and Vice President, respectively.

31. Thus, the defendants are persons named as Presidential alternate electors, as identified in the Michigan Governors' Ascertainment, in their individual capacity, who acted under the NARA and the U.S. Archivist.

32. Therefore, under 28 U.S.C. § 1442(a)(1), because the defendants were acting under the NARA and the U.S. Archivist, the federal court has jurisdiction upon removal.

**This Notice of Removal is timely, complete, and properly served.**

33. Four of the 16 defendants have been served with the summons and complaint (Rose Rook, John Haggard, James Renner and Hank Choate). The last of the four defendants, Hank Choate, was served on or about January 24, 2023. Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

34. All defendants, Kathy Berden, Mayra Rodriguez, Meshawn Maddock, John

7

Haggard, Kent Vanderwood, Marian Sheridan, James Renner, Amy Facchinello, Rose Rook, Hank Choate, Mari-Ann Henry, Clifford Frost, Stanley Grot, Timothy King, Michele Lundgren, and Ken Thompson, including those yet to be served with the summons and compliant, have consented to this removal. *See* Exhibit B.

35. Counsel for the defendants has provided written notice of this Notice to counsel of record for the Plaintiffs. A complete copy of this Notice for Removal will be filed in the state circuit court action in Kent County.

## Relief Requested

Plaintiffs' state court civil action is subject to removal under 28 U.S.C. §1441 (c)(1)(A) and under 28 U.S.C. § 1442(a)(1). Any motion to remand the case should be denied.

Dated: February 21, 2023

/s/Erick G. Kaardal
Erick G. Kaardal, MN Atty No. 229647
Mohrman, Kaardal & Erickson, P.A.
Special Counsel for Thomas More Society
150 South Fifth Street, Suite 3100
Minneapolis, MN 55402
Telephone:   (612) 341-1074
Email: kaardal@mklaw.com

/s/B. Tyler Brooks
B. Tyler Brooks, MI Atty. No. P82567
Law Office of B. Tyler Brooks, PLLC
P.O. Box 10767
Greensboro, North Carolina 27404
Main: (336) 564-6255
Cell: (336) 707-8855
Fax: (336) 900-6535
Email: btb@btylerbrookslawyer.com

*Attorneys for Defendants*